## APPEAL OF ALEXANDER REID & CO.

Docket No. 1940.  Submitted May 13, 1925.  Decided September 7, 1925.

*A. C. Brude, C. P. A.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from a deficiency in income and profits taxes in the amount of $397.64, for the calendar years 1919, 1920, and 1921. The issue raised by the appeal is the correctness of the action of the Commissioner in refusing to allow (1) the taxpayer to reduce its inventory as of December 31, 1919, in the amount of $4,927.15, and (2), as deductions from the gross income for 1919, 1920, and 1921, the respective amounts of $600, $500, and $500 which were paid to stockholders.

From the pleadings and the stipulations presented at the hearing the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Minnesota corporation with its principal place of business at Virginia, Minn.

2. The inventory of the taxpayer as originally taken at cost as of December 31, 1919, amounted to $56,203.53. In pricing the inventory at cost the taxpayer made no reductions for unseasonable merchandise. At the time of taking the inventory, Alexander Reid, president of the taxpayer, was incapacitated through illness and the inventory was taken by others.

3. During the early part of 1923 the taxpayer, through the agency of its president, reduced the original inventory in the amount of $4,927.15. This reduction was made by a consideration of the items appearing in the "ready-to-wear" and "shoes" departments and was made by Reid from his knowledge of the business and his recollection and knowledge of the items of inventories in these departments as of December 31, 1919. The inventories of these two departments were made for the purpose of reflecting what Reid considered to be the reduction occasioned by the style tendencies.

4. The Commissioner refused to permit the reduction in inventory claimed on the ground that such reduction represents an approximation. It is admitted by the taxpayer that the reduction sought is an approximation.

5. During the years 1919, 1920, and 1921, J. M. Fisher owned $5,000 par value of the capital stock of the taxpayer on which the taxpayer paid Fisher $500 per annum, which is equivalent to 10 per cent on the par value of the capital stock owned by him.

6. During the years 1919, 1920, and 1921, Mrs. Alexander Reid owned $1,000 par value of the stock of the taxpayer. During 1919 the taxpayer paid Mrs. Reid $100, which is equivalent to 10 per cent of the par value of the stock owned by her.

7. The taxpayer claims as deductions from gross income for the years in which paid, the sums set forth in the two preceding findings which were paid to Fisher and to Mrs. Reid. No services were rendered by either party.

8. The stockholders and their holdings for the years listed below were as follows:

| Stockholders | Shares | | |
| --- | --- | --- | --- |
| | 1919 | 1920 | 1921 |
| Alexander Reid | 240 | 240 | 240 |
| Mrs. Reid | 10 | 10 | 10 |
| J. M. Fisher | 50 | 50 | 50 |
| E. B. Gearhart (employee) | | 15 | 30 |
| J. S. Peterson | | 3 | 5 |
| Total shares | 300 | 318 | 335 |

DECISION.

The determination of the Commissioner is approved.

On reference to the Board, ARUNDELL took no part in the consideration.